1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    JODI MANSER,                                CASE NO. CV-F-08-1250 LJO SMS

10                       Plaintiffs,            **FINDINGS OF FACT AND CONCLUSIONS**
                                                **OF LAW RE REQUEST FOR**
11                                              **REINSTATEMENT**

              vs.
12
     SIERRA FOOTHILLS PUBLIC
13   UTILITY DISTRICT; et al.,

14                       Defendants.
                                            /
15

16          This action involves various claims related to plaintiff Jodi Manser's employment with defendant

17   Sierra Foothills Public Utility District ("SFPUD").  The Court conducted a jury trial in this matter on

18   May 3, 2010 to May 7, 2010.  At trial, the Court reserved the issue of plaintiff's request for equitable

19   relief for reinstatement to her former position.  Following the jury's return of the verdict, the Court set

20   a briefing schedule and the parties submitted their briefs. The Court now enters its Findings of Fact,

21   Conclusions of Law and Order on the issue of reinstatement.

22                                      **BACKGROUND**

23   **A.    Procedural Background**

24          This action came on for jury trial on plaintiff's underlying claims relating to her employment

25   with SFPUD.  As it pertains to her request for reinstatement, the jury returned a verdict on May 7, 2010

26   in favor of plaintiff and against SFPUD on her claims under California Labor Code §§6310 and 1102.5.

27          Plaintiff filed her brief requesting reinstatement on May 21, 2010.  Defendant filed its brief in

28   opposition to reinstatement on June 2, 2010.  Plaintiff filed a reply brief on June 7, 2010.

                                                1

**B.      Factual Background**

As relevant to the Court's findings of fact and conclusions of law on this limited equitable issue, the pertinent facts are as follows.

Plaintiff began her employment with SFPUD in or about July 2004. She worked at the Riverbend Golf Club (hereinafter "Riverbend"), a golf course and facility owned and operated by SFPUD, as a Snack Bar Attendant at Riverbend's Café. Plaintiff's primary duties included waiting on patrons of the café, completing transactions for food purchases, cooking and preparing food, assisting the café's chef, and operating a food cart around the golf course.

On or about October 26, 2007, plaintiff complained about unsafe working conditions inside her workplace and the unsanitary conditions within the Riverbend Café.  Plaintiff was demoted on November 1, 2007 from "full-time" to "part-time" status, which eliminated her health benefits and her wage-earning potential.  Plaintiff was terminated from employment on December 31, 2007.

Plaintiff filed a Government Tort Claims Act claim, pursuant to Cal. Gov. Code §900, which was denied by SFPUD on July 28, 2008.  Plaintiff filed her complaint in this matter on August 21, 2008. Plaintiff alleged seventeen causes of action related to her employment.  Plaintiff amended her complaint on October 7, 2008 and again on March 26, 2010.  The three amended complaints do not allege a remedy of reinstatement or any other form of equitable relief.  In each of the complaints, plaintiff sought compensatory damages for each of her claims.

At trial, the jury found that SFPUD violated Labor Code §§6310 and 1102.5. The jury found that Manser made a disclosure to SFPUD with a reasonable belief that the information disclosed a violation or noncompliance of a state or federal statute, rule, or regulation.  The jury found that Manser made a verbal or written complaint to SFPUD pertaining to unsafe working conditions or work practices occurring in her place of employment with the reasonable belief that the working conditions or work practices were unsafe.  The jury found that SFPUD discharged or took other adverse employment actions against Manser because of the disclosures as to unsafe working conditions.  With these findings, the jury made all of the requisite findings for violation of California Labor Code §§6310 and 1102.5.

1                                **CONCLUSIONS OF LAW**

2   **A.     Statutory Entitlement to Reinstatement**

3         Plaintiff prevailed upon two claims which would permit reinstatement to her former position.

4   Cal.Lab. Code §6310 states in relevant part:

5                b) Any employee who is discharged, threatened with discharge,
                 demoted, suspended, or in any other manner discriminated against in
6                the terms and conditions of employment by his or her employer
                 because the employee has made a bona fide oral or written complaint .
7                . . shall be entitled to reinstatement and reimbursement for lost wages
                 and work benefits caused by the acts of the employer.

8

9   The second claim that plaintiff prevailed upon which would entitle plaintiff to reinstatement is Labor

10  Code §1102.5.  Remedies for Cal. Lab. Code §1102.5 are specifically found in Cal. Lab. Code

11  §98.6(b), stating, in pertinent part:

12               "Any employee who is discharged…[or] demoted…because the
                 employee engaged in any conduct delineated in this chapter,
13               including…Chapter 5 (commencing with Section 1101) of Part 3 of
                 Division 2…shall be entitled to reinstatement and reimbursement for
14               lost wages and work benefits caused by those acts of the employer."

15  Plaintiff argues that the remedies afforded to plaintiff in §§ 6310 and 1102.5 both provide

16  reimbursement for lost wages and reinstatement. In both sections, the statutes specifically state

17  that plaintiff, "shall be entitled to reinstatement," and that the remedies of lost wages and

18  reinstatement are not exclusive of each other.  Reinstatement is defined by California law as, "the

19  return of an employee to a former position with the same rights and responsibilities." *Dyer v.*

20  *Workers' Comp. Appeals Bd.*, 22 Cal.App.4th 1376, 1382 (1994). Further, reinstatement includes the

21  restoration of the employee's title, salary, duties, and responsibilities. *Norton v. San Bernardino City*

22  *Unified School Dist.*, 158 Cal.App.4th 749, 762 (2008).

23  **B.     Failure to Provide Notice of the Remedy of Reinstatement**

24        Defendant SFPUD argues that plaintiff is not entitled to reinstatement because plaintiff failed

25  to give notice that she sought reinstatement.  Defendant argues plaintiff did not give notice when she

26  filed her California's Government Tort Claim.   The claim did not state that she would seek

27  reinstatement. Defendant further argues that in three amended complaints filed in this action,

28  plaintiff sought only monetary damages.  Defendant argues that in discovery, plaintiff did not

                                              3

1    identify that she sought reinstatement.  Defendant states that throughout the course of this litigation,

2    plaintiff represented that her claims were limited to the recovery of monetary damages.  Defendant

3    argues that her claims for monetary damages formed the strategy for defendant's defense and

4    defendant has been prejudiced from plaintiff's failure to disclose she was seeking reinstatement.

5              **1.      No Notice of the Remedy of Reinstatement**

6              The Court finds plaintiff did not give notice that she intended to see the remedy of

7    reinstatement.  In her Government Tort Claim, plaintiff did not assert a remedy of reinstatement.

8    Plaintiff counters that she stated in her Government Tort Claim: "she has incurred the following

9    damages: lost wages, lost benefits, emotional distress damages, medical expenses, and attorneys'

10   fees." Plaintiff argues she only had to give a "general description" of her damages, which she did.

11   However, the purpose of the Government Tort Claims statute is to provide the public entity with

12   sufficient information to enable it to adequately investigate claims and to settle them, if appropriate,

13   without the expense of litigation. *Stockett v. Association of California Water Agencies Joint Powers*

14   *Ins. Authority*, 34 Cal.4th 441, 20 Cal.Rptr.3d 176 (2004).  Failure to disclose a significant remedy

15   such as reinstatement, would possibly alter the governmental entity's investigation and settlement

16   posture and run counter to the purpose of the Tort Claims Act.

17            The Court further notes that none of plaintiff's three complaints provided any mention of the

18   remedy of reinstatement.  Each of the complaints requested compensatory damages, only.  Plaintiff

19   concedes that plaintiff did not state a prayer for the relief of reinstatement in any of the complaints.

20   Indeed, none of the complaints contain a prayer for any kind of equitable relief.

21            In addition, in the course of discovery, plaintiff did not disclose she sought reinstatement.

22   Plaintiff does not argue that she disclosed the potential of reinstatement as a remedy in discovery.

23   Rather, she argues that "Plaintiff included reinstatement among the remedies being sought in the

24   Joint Pre-Trial Statement, the Pre-Trial Order, her Settlement Conference Statement, and her Trial

25   Brief."  This disclosure, as noted by defendant, was after discovery had closed and mere weeks

26   before the trial date.

27            **2.      Prejudicial Effect of Lack of Notice**

28            The Court finds from the totality of the proceedings in this case, defendant has been

4

1   prejudiced by failure to provide notice.  The Court finds that the Plaintiff had an obligation to raise

2   the remedy she sought in the litigation to put the governmental entity on notice.  Pursuant to

3   Fed.R.Civ.P. 8, a pleading that states a claim for relief must contain: (1) a short and plain statement

4   of the grounds for the Court's jurisdiction; (2) a short a plain statement of the claim showing that the

5   pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the

6   alternative or different types of relief.  Plaintiff's pleadings failed to raise the remedy of

7   reinstatement as a possible type of relief.  As noted, none of the three complaints sought an equitable

8   remedy of any sort.  Thus, the complaints did not put defendant on notice that reinstatement would

9   be sought.

10         Plaintiff argues that there is no requirement that an entitled remedy must be specifically pled.

11   Fed.R.Civ.P 54(c) provides that a "final judgment should grant the relief to which each party is

12   entitled, even if the party has not demanded that relief in its pleadings." This Rule has generally

13   been applied to situations where damages may exceed the amount in the initial pleading. See, e.g.,

14   *Stineman v. Fontbonne College*, 664 F.2d 1082, 1088 (8th Cir.1981); *Bail v. Cunningham Bros.,*

15   *Inc.*, 452 F.2d 182, 188 (7th Cir.1971) (stating that a party may be awarded damages in excess of

16   those demanded in the initial pleading); *but see Arley v. United Pac. Ins. Co.*, 379 F.2d 183 (9th

17   Cir.1967) (citing Rule 54(c) in affirming award of declaratory relief despite plaintiff's failure to

18   include that relief in complaint), *cert. denied,* 390 U.S. 950 (1968).

19         Rule 54(c), however, does not sanction the granting of relief not prayed for in the pleadings

20   if the relief has prejudiced the opposing party. *Rental Development Corp. of America v. Lavery*, 304

21   F.2d 839, 842 (9th Cir.1962).  Plaintiff does not argue that she raised or disclosed this potential

22   relief during discovery.  She does not argue that she responded to any discovery, either in her initial

23   disclosures or in her discovery responses and deposition, that she intended to seek reinstatement.

24   Plaintiff's argument that she raised the issue in the joint pre-trial statement is raising the issue too

25   late.  The pretrial conference was five weeks before trial, and after discovery had closed.

26         The Court finds that defendant has been prejudiced by plaintiff's conduct.  It is reasonable,

27   as defendant has argued, that defendant pursued a litigation strategy based upon the pleadings and

28   plaintiff's disclosure.  It is equally reasonable defendant would have pursued a strategy different

1   than the one pursued had plaintiff disclosed she sought reinstatement.  Defendant reasonably argues

2   that it did not pursue a defense other than failure to mitigate.  Indeed, the jury believed defendant's

3   defense of failure to mitigate and reduced plaintiff's damages award by 70 percent for failing to

4   mitigate.  Defendant argues that with this specific defense, the risk of a front pay award was minimal

5   and therefore defendant chose a strategy consistent with failure to mitigate.  Defendant argues that,

6   had it known, defendant would not have relied completely upon plaintiff's failure to mitigate her

7   damages.  Instead, if reinstatement were alleged, defendant would have pursued discovery and

8   consulted with experts for the specific purpose of developing evidence as to whether Plaintiff's work

9   safety claims, or claims to a government entity, actually posed reasonable safety concerns or

10  reflected any statutory violation.  Without the knowledge that plaintiff intended to seek

11  reinstatement, defendant argues that it made a strategic decision not to pursue discovery or expert

12  consultation concerning the reasonableness of plaintiff's alleged complaint(s) about unsafe working

13  conditions, including issues regarding food safety.

14          The Court finds that the equitable remedy of reinstatement is not warranted in this

15  circumstance.  Plaintiff's actions have prejudiced defendant.  Defendant reasonably chose a course

16  of litigation action based upon plaintiff's notice of the remedy she sought, which did not include

17  reinstatement.  This Court has discretion to award an equitable remedy.  *Cancellier v. Federated*

18  *Dept. Stores*, 672 F.2d 1312, 1319 (9th Cir.1982) (for age discrimination, reinstatement is not a

19  mandatory remedy, but rather "lies within the discretion of the trial court after careful consideration

20  of the particular facts of the case."), *cert. denied*, 459 U.S. 859 (1982); *See Dyer v. Workers' Comp.*

21  *Appeals Bd.*, 22 Cal.App.4th 1376, 1382, 28 Cal.Rptr.2d 30, 3 (1994) (courts are vested with broad

22  equitable discretion in fashioning and applying an appropriate remedy, including reinstatement).

23  Accordingly, the request for reinstatement will be denied.

24  **C.      Request for Front Pay**

25          Plaintiff asks, in the alternative, that if the motion for reinstatement is not granted, the Court

26  award front pay in lieu of reinstatement. (Doc. 130, Motion p.6.)

27          Plaintiff has not cited to any California authority which permits the Court to award front pay

28  for violation of Lab.Code §§6310 and 1102.5.  The Ninth Circuit has held that "front pay" award

1  must be consistent with the statutory provision.  "[T]he court's power under the FMLA to award

2  front pay, as an alternative to reinstatement, is derived solely from the statutory provision permitting

3  the court to award "such equitable relief as may be appropriate." *Traxler v. Multnomah County*, 596

4  F.3d 1007, 1012 (9th Cir. 2010) (front pay awarded for FMLA claim.)

5       There is no evidence presented at trial as to the front pay.  In *Traxler*, the Court affirmed the

6  district court's determination of the amount of front pay supported by both the court's reasoning and

7  substantial evidence in the record.  In *Traxler,* plaintiff had presented expert testimony on plaintiff's

8  loss of future income upon which the Court could determine the value of front pay.  Here, no such

9  evidence has been presented.  The Court is left to speculate on the amount of front pay.

10                                          **CONCLUSION**

11       For the foregoing reasons, the Court finds and concludes as follows:

12       1.     Plaintiff's motion for reinstatement under Labor Code §§6130 and/or 1102.5 is

13              DENIED.

14       2.     Plaintiff 's motion for an award of front pay, in the alternative is DENIED.

15

16       The parties are directed to meet and confer and submit a proposed judgment no later than

17  July 1, 2010.

18

19  IT IS SO ORDERED.

20  **Dated:    June 15, 2010**                     **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE