**FILED**

JUL 0 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI MANSER, | CASE NO. CV-F-08-1250 LJO GSA |
| Plaintiffs, | **JUDGMENT** |
| v. | |
| SIERRA FOOTHILLS PUBLIC UTILITY DISTRICT, | |
| Defendant. | |

This action came on regularly for trial on May 3, 2010 in the United States District Court, Eastern District of California, the Honorable Judge Lawrence J. O'Neill presiding. Plaintiff JODI MANSER (hereinafter "Plaintiff") appeared by attorneys S. Brett Sutton and Jared Hague of the Sutton Hatmaker Law Corporation and Defendant SIERRA FOOTHILLS PUBLIC UTILITY DISTRICT (hereinafter "SFPUD") appeared by attorneys James B. Betts and Joseph D. Rubin of Betts & Rubin, a Professional Corporation. A jury of persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues. The jury deliberated and thereafter returned into court with its special verdict, a true and correct conformed copy of which is attached hereto as Exhibit "A".

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff have and recover from Defendant the sum of Sixteen Thousand Dollars and Zero Cents ($16,000.00) with interest thereon at the legal rate from the date of the entry of this judgment until paid. Costs, if any, will be

determined following Plaintiff's timely filed Memorandum of Costs. Attorneys' Fees, if any, will be determined following Plaintiff's timely filed Motion for Attorneys' Fees.

IT IS SO ORDERED.

DATED: July 2, 2010

/s/ Lawrence J. O'Neill
LAWRENCE J. O'NEILL
UNITED STATES DISTRICT JUDGE

**FILED**

MAY 0 7 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI MANSER, | CASE NO. CV-F-08-1250 LJO GSA |
| Plaintiffs, | **SPECIAL VERDICT** |
| v. | |
| SIERRA FOOTHILLS PUBLIC UTILITY DISTRICT, | |
| Defendant. | |
| _____/ | |

We, the jury in the above-entitled case find the following special verdict on the questions submitted to us:

<u>Claims under California Family Rights Act and Family Medical Leave Act</u>

1. Was Ms. Manser eligible for medical leave?

    _____ Yes   __X__ No

If your answer to question 1 is yes, then answer question 2. If you answered no, proceed to question 9.

2. Did Ms. Manser have a serious health condition that made her unable to perform the functions of her job?

    _____ Yes   _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, proceed to question 9.

1

Ex "A"

1   3.     Did Ms. Manser take medical leave?
2          _____ Yes   _____ No
3          If your answer to question 3 is yes, then answer question 4. If you answered no, proceed to
4   question 9.
5   4.     Did Ms. Manser give sufficient notice to SFPUD of her need to use medical leave?
6          _____ Yes   _____ No
7          If your answer to question 4 is yes, then answer question 5. If you answered no, proceed to
8   question 9.
9   5.     Did SFPUD fail to return Ms. Manser to the same or a comparable job when her medical
10  leave ended?
11         _____ Yes   _____ No
12         If your answer to question 5 is yes, then answer question 6. If you answered no, proceed to
13  question 9.
14  6.     Did SFPUD discharge Ms. Manser?
15         _____ Yes   _____ No
16         If your answer to question 6 is yes, then answer question 7. If you answered no, proceed to
17  question 9.
18  7.     Was Ms. Manser's medical leave a motivating reason for SFPUD's decision to discharge her?
19         _____ Yes   _____ No
20         If your answer to question 7 is yes, then answer question 8. If you answered no, proceed to
21  question 9.
22  8.     Was SFPUD's decision a substantial factor in causing harm to Ms. Manser?
23         _____ Yes   _____ No
24         Go to question 9.
25  Claims based upon Disability Discrimination
26  9.     Was SFPUD an employer?
27         __X__ Yes   _____ No
28         If your answer to question 9 is yes, then answer question 10. If you answered no, proceed to

2

1   question 23.

2   10.   Was Ms. Manser an employee of SFPUD?

3           _X_ Yes _____ No

4   If your answer to question 10 is yes, then answer question 11. If you answered no, proceed to
5   question 23.

6   11.   Did Ms. Manser have a physical condition that limited her ability to work?

7           _X_ Yes _____ No

8   If your answer to question 11 is yes, then answer question 12.

9   12.   Did SFPUD think Ms. Manser had a physical condition that limited her ability to work?

10          _X_ Yes _____ No

11  If your answer to either question 11 or 12 is yes, then answer question 13. If you answered
12  no to both 11 and 12, proceed to question 22.

13  13.   Was Ms. Manser able to perform the essential job duties with reasonable accommodation for
14  her physical condition?

15          _X_ Yes _____ No

16  If your answer to question 13 is yes, then answer question 14. If you answered no, proceed to
17  question 22.

18  14.   Did SFPUD fail to provide reasonable accommodation for Ms. Manser's physical condition?

19          _____ Yes _X_ No

20  If your answer to question 14 is yes, then answer question 15. If you answered no, proceed to
21  question 22.

22  15.   Was SFPUD's failure to provide reasonable accommodation a substantial factor in causing
23  harm to Ms. Manser?

24          _____ Yes _____ No

25  If your answer to question 15 is yes, then answer question 16. If you answered no, proceed to
26  question 22.

27  16.   Was Ms. Manser subjected to discrimination because of a perceived disability?

28          _____ Yes _____ No

3

1   If your answer to question 16 is yes, then answer question 17. If you answered no, proceed to
2   question 22.
3   17.   Did SFPUD fail to take reasonable steps to prevent the discrimination?
4   \_\_\_\_\_ Yes \_\_\_\_\_ No
5   If your answer to question 17 is yes, then answer question 18. If you answered no, proceed to
6   question 22.
7   18.   Was SFPUD's failure to prevent discrimination a substantial factor in causing harm to Ms.
8   Manser?
9   \_\_\_\_\_ Yes \_\_\_\_\_ No
10  If your answer to question 18 is yes, then answer question 19. If you answered no, proceed to
11  question 22.
12  19.   Did SFPUD discharge Ms. Manser?
13  \_\_\_\_\_ Yes \_\_\_\_\_ No
14  If your answer to question 19 is yes, then answer question 20. If you answered no, proceed to
15  question 22.
16  20.   Was Ms. Manser's perceived physical condition a motivating reason for SFPUD's decision to
17  discharge Ms. Manser?
18  \_\_\_\_\_ Yes \_\_\_\_\_ No
19  If your answer to question 20 is yes, then answer question 21. If you answered no, proceed to
20  question 22.
21  \_\_\_\_\_ Yes \_\_\_\_\_ No
22  21.   Was SFPUD's decision a substantial factor in causing harm to Ms. Manser?
23  \_\_\_\_\_ Yes \_\_\_\_\_ No
24  Go to question 22.
25
26
27
28

1 | Claims under California Labor Code §§1102.5 and 6310

2 | 22.   Did Ms. Manser make a disclosure to SFPUD with a reasonable belief that the information
3 | disclosed a violation or noncompliance of a state or federal statute, rule, or regulation?
4 |         _X_ Yes     ___ No
5 |     If your answer to question 22 is yes, then answer question 23. If you answered no, proceed to
6 | question 28.
7 | 23.   Did Ms. Manser make a verbal or written complaint to SFPUD pertaining to unsafe working
8 | conditions or work practices occurring in her place of employment?
9 |         _X_ Yes     ___ No
10|     If your answer to question 23 is yes, then answer question 24. If you answered no, proceed to
11| question 28.
12| 24.   Did Ms. Manser have a reasonable belief that the working conditions or work practices
13| occurring in her place of employment were unsafe?
14|         _X_ Yes     ___ No
15|     If your answer to question 24 is yes, then answer question 25. If you answered no, proceed to
16| question 28.
17| 25.   Did SFPUD discharge or take other adverse employment actions against Ms. Manser?
18|         _X_ Yes     ___ No
19|     If your answer to question 25 is yes, then answer question 26. If you answered no, proceed to
20| question 28.
21| 26.   Was Ms. Manser's disclosure or complaint a motivating reason for SFPUD's decision to
22| discharge or take other adverse employment actions?
23|         _X_ Yes     ___ No
24|     If your answer to question 26 is yes, then answer question 27. If you answered no, proceed to
25| question 28.
26| 27.   Was SFPUD's conduct a substantial factor in causing harm to Ms. Manser?
27|         _X_ Yes     ___ No
28|     Go to question 28.

5

28. Answer question 29 if you have answered question 8, 15, 18 or 27 yes. Otherwise, date and sign this verdict.

What are Ms. Manser's damages?

    a. Past economic loss

        lost earnings      $ 56,000

        other past economic loss      $ ~~11,200~~ 0 /s/

        Total Past Economic Damages:      $ ~~67,200~~ 56,000 /s/

    b. Past noneconomic loss, including [physical pain/mental suffering:]      $ 11,200

    c. Future noneconomic loss, including [physical pain/mental suffering:]      $ 0

                                TOTAL      $ 67,200

Go to Question 29.

~~29~~ Did Ms. Manser use reasonable efforts to mitigate (lessen) her economic wage loss damages?

    ____ Yes    X No

~~30~~ No If yes, by what percentage, if any, should her economic damages be reduced?

    70 %

Sign, date and return this verdict.

Dated: May 7, 2010                  _[signature]_
                                                              PRESIDING JUROR