1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   JODI MANSER,                                   CASE NO. CV-F-08-1250 LJO SMS

11                    Plaintiffs,                   **ORDER ON PLAINTIFF'S POST-TRIAL**
                                                    **MOTION RE EQUITABLE ESTOPPEL**
12          vs.

13   SIERRA FOOTHILLS PUBLIC
     UTILITY DISTRICT; et al.,
14
                     Defendants.
15   _____/

16          Plaintiff Jodi Manser moves post-trial for a finding on equitable estoppel as to plaintiffs'

17   FMLA/CFRA eligibility.  Plaintiff asks the Court to find that "Defendant is equitably estopped from

18   contesting Plaintiff eligibility for FMLA/CFRA leave."  (Doc. 153, Motion p. 9.)  Defendant filed an

19   opposition on August 24, 2010. Plaintiff filed a reply brief on August 31, 2010. This matter was

20   submitted on the pleadings without oral argument pursuant to Local Rule 230(g).  Having considered

21   the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following

22   order.

23   **A.      Overview**

24          According to plaintiff, during the trial, Plaintiff testified that in mid-November 2007, she

25   contacted members of SFPUD's management, including but not limited to SFPUD Office Manager

26   Leslie Alesi and Café Assistant Manager Sherri Brown, and informed them that she had gone to the

27   emergency room with a rib/back injury, that she was kept in the emergency room overnight, that she

28   had consulted with her chiropractor regarding the injury, and that her physical condition made her

                                                    1

unable to attend her scheduled shifts. Plaintiff further testified that SFPUD managers Alesi and Brown told her to take as much time as she needed and to inform them when she was ready to return to work.  Plaintiff was terminated shortly thereafter.  Plaintiff proceeded to trial on the following causes of action:

        A.      Violation of CFRA;

        B.      Violation of FMLA;

        C.      Disability discrimination;

        D.      Failure to prevent disability discrimination;

        E.      Failure to provide a reasonable accommodation;

        F.      Failure to engage in the interactive process;

        G.      Violation of California Labor Code §6310; and

        H.      Violation of California Labor Code §1102.5.

**B.**    **The Parties' Arguments**

    **1.**    **Plaintiff's arguments**

Plaintiff argues that SFPUD mislead plaintiff concerning her eligibility for medical leave because of the criteria established in SFPUD's personnel policies and the affirmative representations she could "take as much time as she needed."  Plaintiff argues that she reasonably relied upon the misrepresentations and silence and detrimentally relied.  Plaintiff argues that defendant is estopped from a defense that defendant did not employ more than 50 employees because defendant's own handbook states a policy for FMLA leave.  Thus, SFPUD should be estopped from this defense because employer affirmatively represented in its employment policies that employees were covered by FMLA.

Plaintiff argues that she gave sufficient notice of the need for leave.  An employee may notify her employer of a need for medical leave either verbally or in writing, so long as it is sufficient to make the employer aware that the employee request potentially qualifies as FMLA/CFRA leave and is not required to mention "FMLA" or CFRA" in her notice. 29 CFR § 825.303(c).

Plaintiff cites out of circuit authority for the proposition that an employer may be equitably

1  estopped from asserting an employee's "ineligibility." *Minard v. ITC Deltacom Communications*,

2  Inc., 447 F.3d 352, 358-359 (5th Cir. 2006); *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274

3  F.3d 706 (2nd Cir. 2001). Plaintiff argues that SFPUD mislead plaintiff concerning her eligibility

4  for leave because SFPUD's personnel polices stated she was eligible. In addition, SFPUD told

5  plaintiff she could take as much leave as she needed. Plaintiff argues that she reasonably relied on

6  SFPUD's misrepresentations and silence by actually taking the leave she believed was afforded to

7  her and she received no further contact from her employer. Finally, plaintiff argues that she

8  detrimentally relied on SFPUD's misrepresentation and silence because she stayed off work and was

9  then terminated.

10         **2.        Defendant's arguments**

11         Defendant argues plaintiff did not establish she was eligible for FMLA leave. She did not

12  establish the elements necessary for the leave. Defendant argues that only after employers are put on

13  notice that an employee claims FMLA, are the employer's duties triggered. Plaintiff's notice was

14  insufficient to inform the employer of a serious medical condition. Plaintiff is attempting to

15  circumvent the elements of the cause of action by arguing equitable estoppel. Defendant argues that

16  even if the "estops defendant from claiming she was an ineligible employee," liability is not imposed

17  upon defendant because the jury did not reach the remaining questions in the verdict form.

18         There is no evidence of affirmative misconduct - SFPUD granted plaintiff the right to utilize

19  her accrued leave. Plaintiff did not actually or reasonably rely on any SFPUD representation because

20  plaintiff did not alter her conduct in any way. She stayed away from work and there was no

21  evidence that she would not have taken leave had she known that she was ineligible for

22  FMLA/CFRA leave.

23         Permitting equitable estoppel would violate Government Code §815. All liability against a

24  public entity is statutory. Gov. Code §815. No common law or judicially created forms of liability

25  is permitted. Equitable estoppel would expand liability beyond the statute in violation of SFPUD's

26  immunity.

27  /////

28  /////

3

1    **C.      The Finding in the Special Verdict and the Related Jury Instruction**

2         In the Special Verdict, the jury found as follows:

3

4         <u>Claims under California Family Rights Act and Family Medical Leave Act</u>

5              1.      Was Ms. Manser eligible for medical leave?

6                   _____ Yes   ___X__ No

7

8    Thus, the jury found that Ms. Manser was not eligible for medical leave under either CFRA or the

9    FMLA.  With this finding, the jury did not proceed to any other question for the CFRA or FMLA

10   claims.

11        For each cause of action under CFRA or FMLA, plaintiff had to prove the element that she

12   "was eligible for medical leave."  (See Jury Instructions 22 and 23.)  The only jury instruction which

13   defined "eligibility" was in Jury Instruction no. 24, which stated as follows:

14                        **JURY INSTRUCTION NO. 24**

15                             **ELIGIBILITY**

16        To show that she was eligible for medical leave, Ms. Manser must prove all of the following:

17        1.      That Ms. Manser was an employee of SFPUD;

18        2.      That SFPUD employed 50 or more employees within 75 miles of Ms. Manser's workplace;

19        3.      That at the time Ms. Manser began leave, she had more than 12 months of service with SFPUD and had

20                worked at least 1,250 hours for SFPUD during the previous 12 months; and

21        4.      That at the time Ms. Manser began leave, she had taken no more than 12 weeks of family care or

22                medical leave in the 12-month period prior to November 15, 2007.

23

24        Plaintiff argues that the only way plaintiff could have been found ineligible is if the jury

25   found SFPUD employed less than 50 employees.  Plaintiff argues that at trial, the remaining

26   elements were undisputed and the evidence solely in plaintiff's favor. Plaintiff argues that she and

27   others testified without dispute eligibility:

28              she was an employee of SFPUD, that she had more than 12 months of

4

service with SFPUD, that Plaintiff had worked at least 1,250 hours for SFPUD during the 12-month period prior to her notification to SFPUD that she required leave, and that Plaintiff had never requested or received medical leave in the 12-month period prior to her notification to SFPUD that she required leave.  (Doc. 135, Motion re Equitable Relief, p.4.)

The only conflicting testimony was as to whether SFPUD employed 50 or more employees.

**D.    Equitable Estoppel**

Federal common law of equitable estoppel and California equitable estoppel have the same basic elements.  Under federal common law equitable estoppel requires: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.  *Greany v. Western Farm Bureau Life Ins. Co.,* 973 F.2d 812, 821 (9th Cir. 1992); *see Barrett v. Stanislaus County Employees Retirement Assn.,* 189 Cal.App.3d 1593, 234 Cal.Rptr. 900 (1987) ((1) the party to be estopped must be apprised of the facts; (2) he must intend his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.)  Equitable estoppel focuses on the actions of the defendant.  *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir. 1981) (Of critical importance is a showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations. Also important is evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct.)

**1.    No Controlling Precedent**

No Ninth Circuit case or California case has been cited to the Court that has applied equitable estoppel in a FMLA/CFRA case in the manner plaintiff seeks.

Plaintiff cites *Jadwin v. County of Kern*, 610 F.Supp.2d 1129 (E.D.Cal. 2009) for the proposition that an employer may be equitably estopped from contesting an employee's eligibility.  In *Jadwin*, plaintiff's requested leave was specifically approved and counted against his accrued FMLA leave hours.  Later, the employer argued that plaintiff failed to timely give notice.  The court stated that

1  defendant waived proper notice: "By explicitly approving of Plaintiff's requested FMLA leave and

2  counting it against his accrued FMLA leave hours, at minimum, there is a triable issue as to whether the

3  County waived its belated challenge to the timeliness of Plaintiff's notice." *Jadwin*, 610 F.Supp.2d at

4  1165. The court noted in passing that estoppel may equally apply in some circumstances, "Court[s] have

5  also concluded that when an employer grants FMLA leave, estoppel can bar an employer from later

6  challenging the employee's eligibility for that leave," and citing the cases relied upon by plaintiff.

7  *Jadwin*, 610 F.Supp.2d at 1165 n.13.

8        Here, however, *Jadwin* is distinguishable. In *Jadwin*, like the cases relied upon in *Jadwin,* the

9  employer explicitly approved FMLA leave, and in writing, and only later said that the employee was not

10  qualified. In Ms. Manser's case, there was no evidence that SFPUD explicitly authorized a

11  FMLA/CFRA leave or knew she was asking for that leave. Even accepting the evidence that the

12  employer told plaintiff "to take as much time needed," there is no evidence that SFPUD explicitly stated

13  that FMLA/CFRA leave would be granted, like in *Jadwin*.

14        The other case, a Fifth Circuit case, cited by plaintiff *Minard v. ITC Deltacom Communications,*

15  *Inc.*, 447 F.3d 352, 359 (5th Cir. 2006), is likewise distinguishable. Like *Jadwin*, plaintiff in *Minard* was

16  given a written memorandum authorizing FMLA leave as an "eligible employee." *Minard*, 447 F.3d at

17  354. Later, the employer discovered she was not "eligible," and terminated her employment. The Court

18  stated that, an employer who without intent to deceive makes a definite but erroneous representation to

19  his employee that she is an "eligible employee" and entitled to leave under FMLA, and has reason to

20  believe that the employee will rely upon it, may be estopped to assert a defense of non-coverage, if the

21  employee reasonably relies on that representation and takes action thereon to her detriment. *Minard*,

22  447 F.3d at 359.

23        The evidence in plaintiff's case does not support that plaintiff informed or reasonably notified

24  SFPUD that she wanted <u>FMLA leave</u>, unlike the cases plaintiff cites. Her argument is that SFPUD

25  should have known, had an obligation to know, and she did not have to mention FMLA leave. Here,

26  she is asking for equitable relief based upon no evidence that she requested that leave. Her evidence

27  does not establish that she apprised SFPUD of the need for leave. These cited cases are distinguishable

28  because they rest upon affirmative representations made to the specific employee of eligibility at the time

6

1    of the leave.  Those facts are not the facts of plaintiff's case.

2              **2.        Reasonable reliance**

3         In California, estoppel requires reasonable reliance on a misleading communication upon which

4    the victim was intended to rely.  *Warner Bros. Intern. Television Distribution v. Golden Channels & Co.,*

5    522 F.3d 1060, 1069 (9th 2008), citing *Robinson v. Fair Employment & Hous. Comm'n*, 2 Cal.4th 226,

6    244-45, 5 Cal.Rptr.2d 782 (1992).

7         Plaintiff has not cited to the testimony that plaintiff relied upon SFPUD's policies in determining

8    whether she would take leave.  She did not change her position - the need to take leave - based upon her

9    belief that she was an eligible employee.  The evidence showed that she injured hurt herself away from

10   work and called in to take time off.

11        Plaintiff contends that she was led to believe, through SFPUD's misrepresentations and silence,

12   that she was protected under FMLA/CFRA and stayed off of work.  She argues an employer who

13   remains silent when an employer announces that she plans to take medical leave is misleading the

14   employee that she is protected by FMLA.

15        Plaintiff seeks to "piggyback" this argument with the preceding one.  The evidence does not

16   show that Plaintiff "announced" she was taking FMLA leave, and then SFPUD remained silent.  Instead,

17   she called in saying she was injured and needed time - to which the employer responded "take all the

18   time."  The employer did not remain silent while she said "she wanted FMLA leave" - she just needed

19   time.  The employer did not make a statement or "nonrespond" to her affirmative representation of

20   needing FMLA leave.

21             **3.        Speculative Ruling**

22        Even if the Court were to estop defendant from claiming plaintiff is an ineligible employee, the

23   Court cannot rule for plaintiff on these causes of action.  The jury did not make the necessary findings

24   as to the remaining elements of the causes of action.  For the FMLA and CFRA claims, the verdict form

25   required the jury to answer the following questions, if the jury had found plaintiff "eligible":

26        2.      Did Ms. Manser have a serious health condition that made her unable to perform the functions of her job?
                 _____ Yes        _____ No
27

28        3.      Did Ms. Manser take medical leave?
                 _____ Yes        _____ No

4.   Did Ms. Manser give sufficient notice to SFPUD of her need to use medical leave?
_____ Yes      _____ No

5.   Did SFPUD fail to return Ms. Manser to the same or a comparable job when her medical leave ended?
_____ Yes      _____ No

6.   Did SFPUD discharge Ms. Manser?
_____ Yes      _____ No

7.   Was Ms. Manser's medical leave a motivating reason for SFPUD's decision to discharge her?
_____ Yes      _____ No

8.   Was SFPUD's decision a substantial factor in causing harm to Ms. Manser?
_____ Yes      _____ No

The jury did not reach questions 2 through 8 in their deliberations.  The jury did not return a verdict based upon a decision on all the elements for FMLA/CFRA claims.  Thus, even if this Court "declare[d] SFPUD estopped from deeming her ineligible for FMLA and CFRA," the Court could not rule for plaintiff on the FMLA/CFRA claims.  The Court would be speculating as to whether the jury would have found for plaintiff on each of the questions.

### 4.   Estoppel against a Public Agency and doing Equity

Defendant argues that Gov. Code §815 precludes estoppel.

The doctrine of estoppel is available against the government "where justice and right require it." *Robinson v. Fair Employment & Housing Com.*, 2 Cal.4th 226, 244, 5 Cal.Rptr.2d 782, 792 (1992).  It has been applied when the government has misled a claimant (see *Lerner v. Board of Education,* 59 Cal.2d 382, 29 Cal.Rptr. 657 (1963), but will not be applied if to do so would nullify a "strong rule of policy adopted for the benefit of the public." *Robinson*, 2 Cal.4th 244.  Estoppel can be invoked against a government entity under California law, but it is not favored.  *See Barrett v. Stanislaus County Employees Retirement Assn.*, 189 Cal.App.3d 1593, 234 Cal.Rptr. 900 (1987).  Thus, SFPUD's status as a governmental entity, alone, does not warrant denial of the motion.

Nonetheless, estoppel is not warranted.  Equitable estoppel is "not a punitive notion, but rather a remedial judicial doctrine employed to insure fairness, prevent injustice, and do equity.  *Leasequip, Inc. v. Dapeer*, 103 Cal.App.4th 394, 403, 126 Cal.Rptr.2d 782 (2002); *see Toscano v. Greene Music*, 124 Cal.App.4th 685, 21 Cal.Rptr.3d 732, 738 (2004) (noting that "[t]he object of equity is to do right and justice [,]" and that "[t]he powers of a court of equity ... are not cribbed or confined by the rigid rules

of law")

The evidence does not warrant a finding in equity that plaintiff was "mislead." The evidence did not show that plaintiff was told she would be granted FMLA.  At most, the evidence showed that plaintiff <u>thought</u> she would get FMLA because she called in and wanted extended leave. In balancing all the equities of the case, the Court finds that SFPUD is not estopped to claim plaintiff was "ineligible."

## CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES the motion for equitable estoppel.

IT IS SO ORDERED.

**Dated:    September 7, 2010            /s/ Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE