1

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    JODI MANSER,                                    CASE NO. CV-F-08-1250 LJO SMS

10                     Plaintiffs,                   **ORDER ON PLAINTIFF'S POST-TRIAL**
                                                     **MOTION FOR ATTORNEYS' FEES**
11          vs.

12   SIERRA FOOTHILLS PUBLIC
     UTILITY DISTRICT; et al.,
13
                     Defendants.
14   _____/

15          Plaintiff Jodi Manser moves post-trial for an award of attorneys fees under Cal. Code Civ.Proc.

16   §1021.5.  Pursuant to a notice filed on July 30, 2010, plaintiff Jodi Manser seek an award of attorney's

17   fees against Defendant Sierra Foothills Public Utility District.  Defendant filed an opposition on August

18   24, 2010. Plaintiff filed a reply brief on August 31, 2010. This matter was submitted on the pleadings

19   without oral argument pursuant to Local Rule 230(g).  Having considered the moving, opposition, and

20   reply papers, as well as the Court's file, the Court issues the following order.

21                              **FACTUAL BACKGROUND**

22          This case involves employment and disability discrimination claims. Plaintiff filed her complaint

23   on August 21, 2008, and alleged seventeen claims for relief arising from her employment at the

24   Riverbend Café, owned and operated by defendant Sierra Foothills Public Utility Dist. ("SFPUD").[1]

25

26          [1] Plaintiff alleges the following causes of action: (1) Violation of Labor Code §1102.5; (2) Violation of CFRA; (3)
     Violation of FMLA; (4) Sexual harassment; (5) Failure to prevent sexual harassment; (6) Retaliation for opposing sexual
27   harassment; (7) Failure to prevent retaliation; (8) Violation of Labor Code §§201 & 203; (9) Violation of public policies;
     (10) Intentional infliction of emotional distress; (11) Sexual battery; (12) Violation of due process; (13) Disability
28   discrimination; (14) Failure to prevent disability discrimination; (15) Failure to provide reasonable accommodation; (16)

                                              1

1  Defendant presents evidence that plaintiff submitted her initial disclosures pursuant to Rule 26 in which

2  she sought certain forms of monetary recovery.  As set forth in the Initial Disclosures, Plaintiff sought

3  recovery on her claims for back pay (two and one half years at $30,000.00), front pay (through retirement

4  at age 65 [ twenty (20) years] at  $30,000.00 per year), medical expenses of $150,000.00, emotional

5  distress damages of $750,000.00, plus punitive damages, attorney's fees and prejudgment interest.

6         On March 25, 2010, six weeks before trial, plaintiff filed her Second Amended Complaint for

7  Damages.  She dismissed the individual Defendants and narrowed her asserted causes of action to the

8  following:

9              A.      Violation of CFRA;

10             B.      Violation of FMLA;

11             C.      Disability discrimination;

12             D.      Failure to prevent disability discrimination;

13             E.      Failure to provide a reasonable accommodation;

14             F.      Failure to engage in the interactive process;

15             G.      Violation of California Labor Code §6310; and

16             H.      Violation of California Labor Code §1102.5.

17        Plaintiff proceeded to trial on May 3, 2010 before a jury on these causes of action.  The jury

18  returned a verdict on May 7, 2010 in favor of plaintiff on the claims for violation of Labor Code

19  §§1102.5 and 6310.  The jury found in favor of defendant on all other claims. The jury awarded plaintiff

20  $56,000 in lost earnings, but found that the award should be reduced for failure to mitigate damages.

21  The jury's award was reduced to $16,800.00 in favor of plaintiff.

22                              **ANALYSIS AND DISCUSSION**

23        Plaintiff now brings a motion for attorneys fees pursuant to California Code of Civil Procedure

24  §1021.5 ("Section 1021.5").

25        Section 1021.5 codifies the "private attorney general" doctrine of attorney fees.  *Flannery v.*

26  *California Highway Patrol*, 61 Cal.App.4th 629, 71 Cal.Rptr.2d 632 (1998).  Section 1021.5 states in

27

28  Failure to engage in the interactive  process; and (17) Violation of Labor Code §6310.

1  pertinent part:

2     "Upon motion, a court may award attorneys' fees to a successful party
3     against one or more opposing parties in any action which has resulted in
      the enforcement of an important right affecting the public interest if: (a)
4     a significant benefit, whether pecuniary or nonpecuniary, has been
      conferred on the general public or a large class of persons, (b) the
5     necessity and financial burden of private enforcement, or of enforcement
      by one public entity against another public entity, are such as to make the
6     award appropriate, and (c) such fees should not in the interest of justice
      be paid out of the recovery, if any."

7  The goal of section 1021.5 "rests upon the recognition that privately initiated lawsuits are often essential

8  to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions,

9  and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such

10 important public policies will as a practical matter frequently be infeasible." *Feminist Women's Health

11 Center v. Blythe*, 39 Cal.Rptr.2d 189, 202 (1995).

12    **A.    Arguments regarding Important Rights that Conferred a Significant Benefit**

13 Plaintiff argues that the case vindicated the public importance of food and beverage

14 contamination at sporting venues. Plaintiff's actions were intended to encourage defendant to follow

15 public health and safety laws. (Doc. 156, Motion p.4.) Plaintiff argues that safety of the public in a

16 public establishment and safe working conditions for the employees of a public establishment are

17 important public rights.

18 Defendant argues that plaintiff did not seek to enforce or vindicate an important public right; she

19 sought the recovery of monetary damages in an amount in excess of $1.5 million for herself and herself

20 alone. Although plaintiff belatedly sought injunctive relief, that relief was purely directed to benefit

21 plaintiff's own interests in seeking reinstatement to her former position. Plaintiff claims that her report

22 to her supervisor was "whistle blowing" but Plaintiff never reported any concerns regarding the Café

23 to anyone other than her supervisor. The only independent evidence at trial was that the Café was clean

24 and sanitary. Thus, defendant argues plaintiff did not vindicate an important right of significant benefit.

25    **B.    Standards for Evaluating Whether to Award Attorneys' Fees**

26 The California Supreme Court noted that "not every case" warrants an attorney fee award: "[T]he

27 Legislature did not intend to authorize an award of attorney fees in every case involving a statutory

28 violation." *Woodland Hills Residents Assn., Inc. v. City Council*, 23 Cal.3d 917, 939, 154 Cal.Rptr. 503

3

(1979).  The court noted that this is because, in every case, the public "benefits: " "[T]he public always has a significant interest in seeing that legal strictures are properly enforced and thus, in a real sense, the public always derives a "benefit" when illegal private or public conduct is rectified."  *Flannery,* 61 Cal.App.4th at 635.

The factors that have been identified by California court to determine whether an award is appropriate are the following: (1) whether a right of societal importance was involved, (2) whether a sizable class has been benefitted by the litigation, (3) whether the necessity and financial burden of private enforcement are such as to make the award appropriate, and (4) whether in the interest of justice, such fees should not be paid out of the recovery.   *Serrano v. Priest*, 20 Cal.3d 25, 44-48, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977).  Stated a different way, in analyzing whether attorney fees are appropriate under the private attorney general statute, the court "would determine the significance of the benefit, as well as the size of the class receiving benefit, from a realistic assessment, in light of all the pertinent circumstances, of the gains which have resulted in a particular case." *Woodland Hills,* 23 Cal.3d at 939. The Court addresses each factor in turn.

### (1)     Societal Importance

Section 1021.5 directs the courts to exercise "judgment in attempting to ascertain the 'strength' or 'societal importance' of the right involved." *Woodland Hills*, 23 Cal.3d at 935.  In determining the importance of the particular right that was vindicated, courts must "realistically assess the significance of that right in terms of its relationship to the achievement of fundamental legislative goals." *Id.* at 936. The trial court must determine the significance of the benefit and the size of the class receiving that benefit by realistically assessing the gains that have resulted in a particular case. *Flannery*, 61 Cal.App.4th at 635-636.

For purposes of the Court's analysis, and because it does not change the Court's conclusion, this Court will construe broadly the "societal importance" at issue here, as protecting whistle blowers of health/food hazards.  The evidence at trial showed plaintiff reported to her supervisor her concerns about specific incidents of food handling practices in the Café.  In doing so, she sought to rectify the conditions and make the food preparation healthful and safe.  The Court finds there was some measure of societal benefit in plaintiff's conduct.

1                              **(2)     A Sizeable Class has Benefitted**

2          The second factor the Court must examine is whether a sizeable class has been benefitted by the

3    litigation.

4          Here, the Court does not find that a sizeable class has benefitted for two reasons.  First,

5    plaintiff's reports were of limited nature.  The evidence showed that plaintiff did not report health/food

6    hazards at the Café to anyone outside of the Café.  She reported some incidents to her supervisor.

7          Further, at trial, the evidence significantly conflicted as to whether the health/food hazards, in

8    fact, occurred.  Under the causes of action on which plaintiff prevailed, the jury was not required to

9    believe that actual food hazards existed.  The jury could correctly find for plaintiff even if the hazards

10   did not occur.  Plaintiff was merely required to show that she had "reasonable cause to believe" that

11   violations of the law were occurring.  Thus, no finding was made by the jury that the incidents occurred.

12   Therefore, due to the limited nature of plaintiff's reports and the conflict in the evidence, plaintiff has

13   not shown a sizable class has benefitted.

14                             **(3)     Plaintiff's Pecuniary Interest**

15         Generally, fees are not be awarded under § 1021.5 where the primary effect of the employment

16   litigation is to advance or vindicate the plaintiff's personal economic interest (as opposed to enforcing

17   a right affecting the public interest).  *Weeks v. Baker & McKenzie,* 63 Cal.App.4th 1128, 1170 (1998)

18   (fees award denied under 1021.5 where action was brought for plaintiff's pecuniary interests even though

19   the case brought sexual harassment to forefront).  "When the record indicates that the primary effect of

20   a lawsuit was to advance or vindicate a plaintiff's personal economic interests, an award of fees under

21   section 1021.5 is improper."  *Flannery*, 61 Cal.App.4th at 635 (plaintiff was entitled to fees under

22   Govt.Code.§ 12965(b) of Fair Employment and Housing Act; award under C.C.P. 1021.5 was improper).

23    "It is within the trial court's discretion to deny attorneys' fees pursuant to section 1021.5 on the ground

24   that the plaintiff's personal stake in the outcome was not disproportionate to the burden of private

25   enforcement, even where the litigation enforced an important right and conferred a significant benefit

26   upon the public."  *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal.App.4th 72, 78, 49 Cal.Rptr.2d 348 (1996).

27         Here, the Court finds that this case was pursued by plaintiff for plaintiff's own pecuniary interest.

28   Plaintiff initially filed this action alleging numerous violations of plaintiff's personal interests.  In

1   plaintiff's scheduling report, she described this action as, "This is an action to recover damages for

2   Plaintiff due to Defendants' various unlawful acts against Plaintiff, whereby Defendants, among other

3   things, unlawfully harassed Plaintiff, violated Plaintiff's rights pursuant to Federal and State medical

4   leave laws, retaliated against Plaintiff due to Plaintiff's protected disclosures of her employer's unlawful

5   activities in violation of California law and engaged in various violations of the California Labor Code."

6   (Doc. 21, Joint Scheduling report p.2.)  No mention is made of protecting the interests of the public.  As

7   further evidence of plaintiff's pecuniary interest, defendants present plaintiff's initial disclosures made

8   pursuant to Rule 26.  In her disclosures, plaintiff requested significant compensation for the alleged

9   violations of her individual rights of over $1.5 million.  In her pretrial statement, plaintiff stated:

10  "PLAINTIFF seeks an award of damages against SFPUD based upon SFPUD's violation of California

11  Government Code section 12940(m) ("FEHA") for failing to reasonably accommodate PLAINTIFF's

12  physical condition." (Doc. 31, Pretrial Statement p. 13.)  Plaintiff pursued this case for her pecuniary

13  interest in which she had a substantial personal stake in the outcome of the litigation.

14       This case is like *Weeks v. Baker & McKenzie,* 63 Cal.App.4th 1128, 1170 (1998).  In *Weeks*,

15  plaintiff, a legal secretary, brought a sexual harassment action against a partner in a law firm and the firm

16  itself under the Fair Employment and Housing Act (FEHA). The jury awarded the plaintiff $50,000 in

17  compensatory damages, and punitive damages of $225,000 against the partner and $6.9 million against

18  the law firm, though the trial court reduced the latter figure to $3.5 million. The Court of Appeal denied

19  attorneys fees under Section 1021.5 because plaintiff failed to articulate a "sufficient public or private

20  reason" to justify the award of attorney fees under §1021.5.  The Court stated the case was "in essence

21  a personal injury action, brought by a single plaintiff to recover her own economic damages.[2] *Weeks*, 63

22  Cal.App. 4th at 1174; *see also Luck v. Southern Pacific Trans. Co.*, 218 Cal.App.3d 1, 30-31, 267

23  Cal.Rptr. 618 (1990) (the court upheld an order denying a request for approximately $300,000 in

24  attorney fees. The trial court had found that the wrongful termination suit alleging, inter alia, that the

25  plaintiff had a constitutional right to refuse drug testing enforced an important public right and conferred

26  a significant benefit, but denied her request for attorney fees.  Plaintiff had a sufficient financial

27

28       [2] The Court permitted an award of the fees under the FEHA, Gov. Code §12965.

1  incentive to bring the lawsuit.)

2         Here, as in *Weeks*, plaintiff sought no relief for others.  She sought only a large money judgment

3  for herself.  Throughout the majority of the litigation in this matter, plaintiff expected to recover a

4  significant award.  While in the latter stages of the case, plaintiff sought an equitable remedy, that

5  equitable remedy was solely for plaintiff's personal benefit.  She sought reinstatement to her former

6  position with full benefits.  Indeed, throughout the litigation plaintiff vigorously pursed the expectation

7  of recovering substantial damages.

8         Plaintiff's personal stake was disportionate to the public interest pursued.  Thus, this factor far

9  outweighs all of the other factors. For more than a year and a half during the litigation, plaintiff pursued

10  personal injury type claims, involving claims of sexual harassment, battery, etc.  These claims were

11  disportionate to the claims involving the reporting of food hazards at the Café.  In trial, plaintiff

12  continued to pursue her personal stake, which far outweighs any incidental benefit to the public.

13                      **(4) The interest of justice**

14         The purpose of Section 1021.5 is to provide some incentive for the plaintiff who acts as a true

15  private attorney general, prosecuting a lawsuit that enforces an important public right and confers a

16  significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself

17  constitute an adequate incentive to litigate.  Here, the interests of justice simply do not warrant an award

18  under this section.  Plaintiff had her own substantial financial stake in this litigation.  Therefore, attorney

19  fees pursuant to §1021.5 are not warranted.

20                      **CONCLUSION AND ORDER**

21         For all of the foregoing reasons, plaintiff's motion for an award of attorneys' fees pursuant to

22  §1021.5 is DENIED.

23  IT IS SO ORDERED.

24  **Dated:    September 7, 2010**                   **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

25

26

27

28